**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

RANDALL SCOTT KING AND SHAWN KING,          CASE NO.:
    Plaintiffs,
vs.

UNIVERSITY OF CENTRAL FLORIDA
FOUNDATION, INC., DALE D. DENNANY, and
TIMBER CREEK HIGH SCHOOL
FOUNDATION, INC.
    Defendants.
_____/

**COMPLAINT**

    Plaintiffs, Randall King and Shawn King, by and through undersigned counsel, hereby bring this cause of action against the University of Central Florida, Timber Creek High School and Dale D. Dennany, seeking $5,000,000.00 and state, in support thereof, as grounds:

**JURISDICTION**

    1.    Jurisdiction is invoked pursuant to 27 U.S.C. §1343(a)(3) and 42 U.S.C. §1983.

**PARTIES**

    2.    Plaintiffs: This Complaint alleges that the civil rights of Plaintiff Randall King, a black U.S. citizen, who resides at 11032 Tangerine Blvd., West Palm Beach, FL, 33412, were violated by the actions of the below named individuals. The wrongful actions were carried out in the presence of Shawn King, the wife of Randall Scott King, and also a black U.S. citizen. The wrongful actions were directed against Randall Scott King on the premises of the University of Central Florida at 1277 Gemini North Blvd. N Orlando, FL, 32816 by the University of Central Florida, Timber Creek High School and Dale D. Dennany on or about May 27th, 2016.

    3.    Defendants: Defendant University of Central Florida Foundation, Inc., a/k/a University of Central Florida, is a Florida Not for Profit Corporation with a principal address of

12424 Research Pkwy, Suite 140, Orlando, FL, 32826-3257Orlando, FL and is vicariously liable for the acts of its employee/agent Defendant Dale D. Dennany.

4. Defendant Timber Creek High School is a Florida Not for Profit Corporation with a principal address of 1001 Avalon Park Blvd., Orlando, FL, 32828 and is *sui juris*.

5. Defendant Dale D. Dennany is and was an employee of Defendant University of Central Florida Foundation, Inc. a/k/a University of Central Florida a/k/a University of Central Florida Police.

### STATEMENT OF FACTS

6. On May 27th, 2016, Randall King was attending, as an invitee, the graduation ceremony of his daughter from Timbercreek High School that was being held on the property of, with the authority of, and with the participation of the University of Central Florida.

7. On said date, Randall Scott King and his wife, Shawn King, waited to be admitted, were admitted to the venue, shown their seats by an usher acting on behalf of the Defendants, and took their seats.

8. Before the graduation ceremony began, Randall Scott King went to the restroom facilities, then, upon his attempted return to his seat, he was stopped for no reason by the Timber Creek High School Representative and told that the seats he and his family had been seated in were for VIPs and that he was not permitted to enter.

9. Mr. King advised the Timber Creek High School representative that he had already been seated, that he and his family had been seated by an usher, that the entrance was for more than VIPs, and that he wished to return to his family and his seat in order to witness his sole biological daughter graduating from High School, a once in a lifetime event.

10. For no valid reason, the Timber Creek High School representative refused to admit him, calling for security instead.

11. Upon the arrival of the University of Central Florida (UCF) security personnel, Mr. King advised them that he wished to return to his family and his assigned seat.

12. For no valid reason, the Timber Creek representative and the UCF security personnel refused to permit him to return to his family and his seat.

13. Mr. King requested the facility manager or person in charge of the premises be called to straighten out the situation.

14. The facility manager was called and Mr. King was advised that the manager was on his way.

15. The UCF security personnel refused to wait until the facility manager could arrive, electing instead to demand Mr. King leave his only biological daughter's graduation ceremony.

16. The Timber Creek High School representative, ignoring that his seat had been assigned by an usher, insisted that the area was for VIPs only and the UCF security personnel apparently did not know if the area was more than VIP admission.

17. The security personnel and Timber Creek High School Representative removed themselves and Mr. King from the hallway leading from the main concourse to his family's seating section to the main concourse apparently so as to not impede any other person's movement in the hallway.

18. The UCF security personnel advised Mr. King that they would trespass him, without waiting for the facility manager, if he did not leave his daughter's graduation.

19. Mr. King told the UCF security personnel to wait for the manager, that he was not leaving his daughter's graduation ceremony, that he was there by invitation, that he had already been seated and that his family was waiting for him.

20. Shawn King, along with other members of their family, came looking for her husband and found him surrounded by UCF security personnel, at which point Mrs. King informed them that he and the family had been seated previously and he needed to return to his seat. At which point the UCF security personnel told her that he was being trespassed by them, ignoring his having an assigned seat and without waiting for the facility manager to appear.

21. Mr. King told the UCF security personnel that he was a combat veteran who suffered from post-traumatic stress syndrome and to not put their hands on him due to his condition.

22. One UCF security person activated and energized a taser and threatened Mr. King with it while four other UCF security people grabbed Mr. King, who had been completely peaceful, and slammed him against the wall, then took out their nightsticks and struck Mr. King in his knees with their nightsticks, then threw Mr. King to the floor with great force, shattering his wrist.

23. Mr. King's injuries were grievous, requiring his wrist to be fused and creating a permanent disability and immobility in the wrist. His military service induced post-traumatic stress syndrome was exacerbated, and he was bruised and beaten about his body.

24. Mr. King was transported to the hospital.

25. Thereafter, Mr. King complained to the University of Central Florida, which resulted in retaliatory charges being levied against Mr. King for his having dared to complain about the UCF security personnel.

26.     Mr. King learned later that UCF Officer Dale D. Dennany, UCFP 16-001874, was the main protagonist directing the UCF security personnel and their malfeasance.

27.     Defendants actively deprived Randall Scott King of his Civil Rights and privileges by inflicting emotional distress, depriving him of the peace and security that is every citizen's right, depriving him of the consortium of his wife as a result of his injuries and he was physically beaten and grievously injured during these violations.

28.     Defendants' actively deprived Mrs. Shawn King of her Civil Rights and privileges by beating and injuring her husband in front of her, inflicting emotional distress, depriving her of the peace and security that is every citizen's right, and depriving her of the consortium of her husband as a result of his injuries.

29.     Plaintiffs have been damaged by the Defendants' conduct while they were acting under color of law and with the evident consent and authority of the Defendant UCF.

**COUNT 1 VIOLATION OF CIVIL RIGHTS**
(Plaintiff re-alleges and incorporates paragraphs 1-29)

30.     Section 1983 of Title 42 of the U.S. Code, part of the Civil Rights Act of 1871 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. "

31.     The Defendants herein acted under color of state law, specifically F.S. §810.08 (Trespass in structure or conveyance) and F.S. §843.02 (Resisting officer without violence), the Defendants did deprive Randall King of his Constitutional and Federal Civil Rights by barring his

access to and dishonoring his invitation to attend his daughter's graduation ceremony, by using excessive force where there was no justification, by injuring him and by wrongfully ejecting him from his daughter's graduation ceremony (his sole biological daughter) and then beating and injuring him in the presence of his wife, Shawn King.

32. Plaintiff Shawn King was deprived of her Civil Rights and privileges by seeing her husband, Randall King, wrongfully detained, beaten and ejected from his daughter's graduation ceremony and further, as a result of the impact of the grievous injuries on her husband, direct impact on their relationship and loss of consortium as a result of those injuries.

33. The Defendants failed or refused to wait until the manager of the facility could arrive to peaceably resolve the situation and permit Randall King to return to his seat, a seat which was properly assigned to him by an usher working for the Defendants and which was, in fact, not restricted to VIPs. Defendant Dennany, though clothed in authority by UCF, misused his authority resulting in the assault and battery of Plaintiff Randall King through the use of excessive and unnecessary force.

34. At all times material hereto, Plaintiff Randall King was cooperative and nonaggressive.

35. The excessive use of force by slamming him into a wall, threatening him with a taser, throwing him to the ground and shattering his wrist was unnecessary when the proper thing to do would have been to wait for the facility manager to arrive and permit Plaintiff Randall King to take his rightfully assigned seat as he had been permitted prior.

36. Thereafter, after Plaintiff Randall King complained of his treatment and the violations of his civil rights to Defendant University of Central Florida, said Defendant, rather than attempt to address and correct the wrongful treatment of Plaintiff, elected to prosecute a spurious

claim in the Courts of Florida in an attempt to misdirect or cloak the wrongful behavior of its employees under a façade of authority, thus demonstrating the exercise of 'coercive power' by acting in concert with the State of Florida.

37. Defendant University of Central Florida, a nominally private entity, had been delegated a public function by the State in utilizing a private police force who were, in fact, wearing police uniforms.

38. Defendants University of Central Florida Foundation, Inc. and Timber Creek High School Foundation are vicariously liable for the negligent and wrongful conduct of Dale D. Dennany while within the course and scope of his employment.

39. Plaintiffs have been damaged by the wrongful actions of Defendant's security personnel in the wrongful actions of Dale D. Dennany for which Defendants University of Central Florida Foundation, Inc. and Timbercreek High School Foundation, Inc. are liable.

40. As a direct and proximate cause of Defendants' wrongful behavior, Plaintiffs have suffered past, present and future: Deprivation of their Civil Rights, Direct Financial Damages, Physical and Mental Pain and Suffering, Humiliation, Economic Losses, Exacerbation of Physical and Mental Condition, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores, and Loss of Consortium.

WHEREFORE the Plaintiffs pray this Honorable Court enter judgment in their favor and against the Defendants for Deprivation of their Civil Rights, Compensatory Damages, Physical and Mental Pain and Suffering, Humiliation, Economic Losses, Exacerbation of Physical and Mental Condition, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores, Loss of Consortium and any other damages deemed mete and proper.

## COUNT II BATTERY OF PLAINTIFF RANDALL KING
(Plaintiff re-alleges and incorporates paragraphs 1-29)

41.  On the above stated time and place, Defendant Dale D. Dennany did, with the intent to physically touch Randall King, place his hands upon him, throw him against the wall, threaten him with a taser, throw him to the ground and shattered his wrist and battered and physically beat him.

42.  The battery described was done without the permission or consent of Plaintiff Randall King.

43.  The battery was offensive, harmful, and not reasonably necessary.

44.  As a direct and proximate cause of Defendant Dale D. Dennany's wrongful behavior, Plaintiff Randall King has suffered past, present and future: Direct Financial Damages, Physical and Mental Pain and Suffering, Humiliation, Economic Losses, Exacerbation of Physical and Mental Condition, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores, and Loss of Consortium.

WHEREFORE the Plaintiff Randall King prays this Honorable Court enter judgment in his favor and against Defendant Dale D. Dennany for Compensatory Damages, Physical and Mental Pain and Suffering, Humiliation, Economic Losses, Exacerbation of Physical and Mental Condition, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores and any other damages deemed mete and proper.

## COUNT III FALSE ARREST OF PLAINTIFF RANDALL SCOTT KING
(Plaintiffs re-allege and incorporate paragraph 1-29)

45.  Plaintiff Randall King, a paid invitee to his daughter's graduation ceremony, was wrongfully refused re-entry to the facility, to take the seat he had been assigned by an authorized usher, by Timber Creek High School, who then called the University of Central Florida security,

who together refused to allow Randall King re-entry to take his seat in in the audience of his daughter's graduation.

46. Defendants herein then wrongfully placed Randall King under arrest, without waiting for the facilities manager to arrive, who been summoned and who was reportedly en-route, and wrongfully detained Plaintiff, later beating him to the point he had to be taken to the emergency room from the physical injuries dealt to him by the University of Central Florida security personnel.

47. Randall King was prevented from attending his daughter's graduation ceremony despite being a paid invitee, despite his having taken a seat assigned to him by the Defendant's agent, and despite having requested the intervention of a facilities manager to resolve his seating situation.

48. The University of Central Florida security personnel were not presented with a situation that required such urgency that they were unable to have reasonably awaited the facilities manager's arrival to verify that Randall King was a paid invitee, properly present in the premises, properly seated in the assigned seat, and to have permitted him to return to his duly assigned seat.

49. Instead of acting rationally, the Timber Creek High School employee and the University of Central Florida security personnel, elected to detain and arrest Randall King despite his having committed no crimes and having clearly articulated that he was an invitee with a seat assignment by an agent of the Defendant.

50. Defendant, Dale D. Dennany, was the employee identified as the University of Central Florida person who was instrumental behind the decision to falsely detain and arrest Randall King.

51. As a direct and proximate result of the wrongful behavior of Defendants Dale D. Dennany, the University of Central Florida and Timber Creek High School, Plaintiffs have suffered past, present and future: Deprivation of their Civil Rights, Direct Financial Damages, Physical and Mental Pain and Suffering, Humiliation, Economic Losses, Exacerbation of Physical and Mental Condition, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores, and Loss of Consortium.

WHEREFORE the Plaintiffs pray this Honorable Court enter judgment in their favor and against the Defendants for the Deprivation of Civil Rights, the False Arrest of Randall King and award Compensatory Damages, Physical and Mental Pain and Suffering, Humiliation, Economic Losses, Exacerbation of Physical and Mental Conditions, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores, Loss of Consortium and any other damages deemed mete and proper.

## COUNT IV MALICIOUS PROSECUTION
(Plaintiffs re-allege and incorporate paragraph 1-29)

52. Defendants herein, after wrongfully battering and ejecting Randall King, a father, from his daughter's graduation ceremony, were contacted by Randall King to lodge a complaint against their wrongful actions, as a result of which, the Defendants then wrongfully prosecuted Randall King in retaliation for his having had the temerity to complain about their grave wrongful behavior.

53. Defendant Dennany with the approval of the University of Central Florida filed charges against Randall King and in doing so acted in bad faith with malice or willful and wanton disregard for human safety, overreached their authority, and did so with the explicit intent of intimidating Plaintiffs into silence, a clear and direct attempt to silence Randall and Shawn King and from raising their justified and legal claims: a clear attempt to deprive them of civil rights.

54. The criminal charges against Randall King were wrongful, spurious, malicious and not based on sound legal principles.

55. As a direct and proximate cause of the wrongful behavior of Defendants Dale D. Dennany, the University of Central Florida and Timber Creek High School, Plaintiffs have suffered past, present and future: Deprivation of their Civil Rights, Compensatory Damages, Physical and Mental Pain and Suffering, Humiliation, Economic Losses, Exacerbation of Physical and Mental Condition, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores, and Loss of Consortium.

WHEREFORE the Plaintiffs pray this Honorable Court enter judgment in their favor and against the Defendants for Malicious Prosecution and award Compensatory Damages, Physical and Mental Pain and Suffering, Humiliation, Economic Losses, Exacerbation of Physical and Mental Condition, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores, Loss of Consortium and any other damages deemed mete and proper.

### COUNT V NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Plaintiffs re-allege and incorporate paragraph 1-29)

56. On the above stated date, time and place, Shawn King witnessed, tried to stop, and was forced to helplessly stand by to witness Defendant Dale D. Dennany, with the intent to physically touch Randall King, place his hands upon Randall King, throw him against the wall, threaten him with a taser, throw him to the ground, shatter his wrist and beat him.

57. The wrongful actions of Defendant Dale D. Dennany were done without the permission or consent of Plaintiff Randall King and over the repeated requests of Shawn King to stop.

58. The battery was offensive, harmful, and not reasonably necessary and Defendant Dale D. Dennany's continued abuse and attack on Plaintiff Randall King, Plaintiff Shawn King's husband, for merely attending his daughter's graduation ceremony which Plaintiff Shawn King personally witnessed and was helpless to stop has caused severe psychological trauma to Plaintiff Shawn King.

59. As a direct and proximate cause of Defendant Dale D. Dennany's wrongful behavior, Plaintiff Shawn King has suffered past, present and future: Compensatory Damages, Physical and Mental Pain and Suffering, Humiliation, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores, and Loss of Consortium.

WHEREFORE the Plaintiff Shawn King prays this Honorable Court enter judgment in her favor and against Defendant Dale D. Dennany for Compensatory Damages, Physical and Mental Pain and Suffering, Humiliation, Economic Losses, Exacerbation of Physical and Mental Condition, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores and any other damages deemed mete and proper.

### COUNT VI VICARIOUS LIABILITY
(Plaintiffs re-allege and incorporate paragraph 1-59)

60. At all times material hereto, Defendant Dale D. Dennany acted within the course and scope of his employment with Defendant University of Central Florida Foundation, Inc. and was also acting under the direction of Defendant Timber Creek High School Foundation, Inc.

61. In the course and scope of his duties as a police officer for Defendants, he wrongfully elected to use his authority to conduct the above-mentioned actions for which Defendant University of Central Florida Foundation, Inc. and Defendant Timber Creek High School Foundation, Inc, are vicariously, jointly and severally liable.

62. As a direct and proximate result of the wrongful behavior of Dale D. Dennany, for which Defendants University of Central Florida Foundation, Inc. and Timber Creek High School Foundation, Inc., are vicariously liable, Plaintiffs have suffered past, present and future: Deprivation of their Civil Rights, Compensatory Damages, Physical and Mental Pain and Suffering, Humiliation, Economic Losses, Exacerbation of Physical and Mental Condition, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores, and Loss of Consortium.

WHEREFORE the Plaintiffs pray this Honorable Court enter judgment in their favor and against the Defendants in the amount of $5,000,000.00 (Five Million U.S. Dollars) for Deprivation of their Civil Rights, Battery, Aggravated Battery, False Arrest, Malicious Prosecution, and Negligent Infliction of Emotional Distress and award Compensatory Damages, for their: Physical and Mental Pain and Suffering, Humiliation, Economic Losses, Exacerbation of Physical and Mental Conditions, Loss of the Capacity for the Enjoyment of Life, Loss of Ability to Perform Work, Loss of the Ability to Perform Household Chores, Loss of Consortium and any other damages deemed mete and proper by this Honorable Court.

   /s/   James R. Ackley, Esq.
Law Offices of James R. Ackley, P.A.
8678 Marlamoor Lane
West Palm Beach, FL 33412
(561) 594-5671
Fl. Bar # 509736
Attorney for PLAINTIFFS RANDALL AND SHAWN KING
Designated E-mail for Service: eservice@ackleylegal.net